**IN THE COURT OF APPEALS OF IOWA**

No. 13-0348
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS N. FORD,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.


Nicholas Ford appeals from his conviction and sentence for driving while barred as a habitual offender. **AFFIRMED.**


Marshall W. Orsini of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Anastasia Hurn, Assistant County Attorney, for appellee.


Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

Nicholas Ford appeals from his conviction and sentence for driving while barred as a habitual offender. He argues he was provided ineffective assistance of counsel when counsel allowed him to plead guilty to a charge without a factual basis in the record. We affirm, finding a factual basis existed for Ford's conviction.

Ford was charged by trial information with two counts of driving while barred as a habitual offender based on two separate offense dates. He entered a guilty plea on December 19, 2012. The plea proceeding was reported, and the judge failed to make an explicit record regarding what evidence supported Ford's status as a habitual offender at the time of the offense. The minutes of testimony, however, disclosed a department of transportation officer would testify that Ford's privileges of operating a motor vehicle were barred as a habitual offender on the date of the offenses.

We review ineffective-assistance-of-counsel claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).[1] While we normally preserve ineffective-assistance claims for postconviction proceedings, we will address the claim where the record is sufficient on appeal. *Id.*

Ford argues "the record of the plea proceedings do not reflect any direct reliance on the minutes;" however, that is not what is required.

---

[1] *Finney* was decided after Ford entered his guilty plea in this case. 834 N.W.2d at 46. In *Finney*, our supreme court examined our history of factual-basis attacks on guilty pleas and clarified the law as set forth in this opinion. *Id.* at 51–61. Ford makes no argument that *Finney* is not retroactive; we apply *Finney*'s clarification of our old law concerning factual basis in guilty pleas here. *See Perez v. State*, 816 N.W.2d 354, 358 (Iowa 2012) (defining new versus old rules for retroactive application purposes).

On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined. . . . Recourse to the entire record is appropriate because, unlike a claim of due process involuntariness, the relevant inquiry for purposes of determining the Sixth Amendment claim presented by Finney does not involve an examination of his subjective state of mind at the time the trial court accepted the plea, but instead involves an examination of whether counsel performed poorly by allowing Finney to plead guilty to a crime for which there was no objective factual basis in the record. The failure of the district court in this case to explain on the record the evidence supporting his finding of a factual basis is thus an omission unrelated to the substantive claim being made.

*Id.* at 62. The minutes of testimony showed a department of transportation officer was prepared to testify that Ford's license was barred as a habitual offender at the time of the offense. "Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *Id.* The minutes of testimony provide a factual basis to support Ford's guilty plea to two counts of operating a motor vehicle while barred as a habitual offender. *See id.*

**AFFIRMED.**